UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:05CR 125 CDP |
| | ) | (LMB) |
| DANNIE ISOM RICKS, | ) | |
| | ) | |
| Defendant. | ) | |

## **REPORT AND RECOMMENDATION**

This matter is before the court on Defendant's Motion to Suppress Evidence (Document #23). The government filed Government's Response to Defendant's Motion to Suppress Evidence (Document #25). An evidentiary hearing was held. Following the hearing, the parties planned to file memoranda, but later each decided not to file memoranda. The matter was taken as submitted on November 8, 2005.

## **Factual Background**

On January 28, 2005, an undercover police officer, Mike Russell from Osceola, Arkansas, was attempting to make purchases of crack cocaine in Caruthersville, Missouri.

During the afternoon, Russell observed Dannie Ricks in possession of a plastic baggie of suspected crack cocaine. Ricks was wearing a tan coat with a fur collar. Russell contacted other officers and asked them to make contact with Ricks.

Bootheel Drug Task Force Officer Matt Fowler responded and approached Ricks. Ricks began walking away. Fowler called out for Ricks to stop and that he was an officer. Ricks then began to run away through yards.

Caruthersville Police Officer Tony Jones also responded to Russell's request for help. He arrived to see Fowler chasing Ricks. Jones got out of his car and began running after Ricks. Ricks began to take his coat off while he was running. Ricks managed to shake the coat off, but when the coat hit the ground, Jones saw an object come out of the coat. Ricks was captured shortly after abandoning his coat. The officers went back to the coat and found a pistol near the coat. Some rounds of ammunition also were found near the coat. The pistol itself contained one round. Ricks, being a previously convicted felon, was charged in a federal indictment with illegally possessing the pistol.

The defendant claims in his motion to suppress that the seizure of the defendant, a pistol he is alleged to have possessed and a coat he is alleged to have worn, was based upon "no reasonable suspicion that criminal activity was afoot" and, consequently, was unlawful.

## Discussion

## The Law

"Probable cause exists to make a warrantless arrest when 'at the moment of the arrest, the collective knowledge of the officers involved, was "sufficient to warrant a prudent man in believing that the [defendant] had committed or was committing an offense."'" United States v. Wilson, 964 F.2d 807, 809 (8th Cir. 1992), quoting United States v. Wajda, 810 F.2d 754, 758 (8th Cir. 1964) which in turn was quoting Beck v. Ohio, 379 U.S. 89, 91, 85 S.Ct. 223, 225 (1964). As related in the factual background set out earlier, undercover Police Officer Mike Russell from Osceola, Arkansas, saw the defendant, Dannie Ricks, in possession of a plastic baggie containing what appeared to be crack cocaine. The testimony revealed that Officer Russell works for the Drug Task Force in Arkansas and knows what crack cocaine looks like. A picture taken of the

defendant at the scene printed from a video tape mounted on the officer's car shows an object in the defendant's hand. It was Officer Russell who informed the other officers what he had seen, what appeared to be a baggie of crack cocaine held by a black man wearing a brown or tan coat with fur around the hood. That person later turned out to be the defendant, Dannie Ricks.

Probable cause to arrest without a warrant exists when the police have information sufficient to cause a reasonable person to believe that the suspect has committed an offense or was then committing an offense. Beck v. Ohio, 379 U.S. 89, 91 (1964); United States v. Sherrill, 27 F.3d 344, 347 (8th Cir),. cert. denied (1994). It was reasonable for Officer Russell to believe that the defendant was dealing in crack cocaine. In fact, Officer Russell, as an undercover officer, had just engaged in what he thought was a buy. The seller (in a red and black coat) had gone to the defendant in full view purportedly to obtain the crack cocaine he was selling to Officer Russell. The "seller" had taken the $20.00 in buy money from Officer Russell and a confidential informant but had not given them any crack cocaine. They felt they had been "ripped off." When Officer Russell called other officers for assistance, he had just approached the defendant, who "was actually tying up a big, large bag of crack cocaine." When Officer Russell and the confidential informant approached the defendant and told him that the seller had ripped them off, the defendant reportedly told Officer Russell, "Well, you gotta take that up with him."

When Officer Russell relayed the information which he had along with the location of the incident, he asked Officer Fowler if they should go into the area, try to locate the male in the tan coat, identify him and do an investigation on the crack cocaine that he was holding. The information of Officer Russell became the information possessed by the other officers and they had probable cause to believe the person wearing the tan coat with fur was committing a crime.

United States v. Wilson, 964 F.2d at 809. The Caruthersville Police Department officers then had probable cause to arrest the defendant. Beck v. Ohio, 379 U.S. at 91.

The defendant's claims in his motion to suppress evidence, that the chase and seizure of the defendant, the pistol and the coat the defendant was allegedly wearing, were based upon no reasonable suspicion that criminal activity was afoot and thus were unlawful, is not supported by the evidence. On the contrary, the officers had probable cause to arrest the defendant. It was during the chase when the defendant fled and was taking off his coat, presumably so he could run faster, that the pistol "popped out" of the coat pocket and along with the coat fell to the ground. The defendant abandoned his coat and with it the pistol which had been in the pocket and, as the government points out in its memorandum, property abandoned during a chase is not the fruit of a seizure and should not be suppressed. California v. Hodari, 499 U.S. 621, 629, 111 S.Ct. 1547, 1552 (1991); United States v. Willis, 967 F.2d 1220, 1223 (8th Cir. 1992); United States v. Segars, 31 F.3d 655, 658 (8th Cir. 1994).

The court finds that the arrest of the defendant was appropriate and that seizure of the coat, pistol and other ammunition found near the coat was in accordance with the defendant's rights. They should not be suppressed.

**IT IS, THEREFORE, RECOMMENDED** that Defendant's Motion to Suppress Evidence (Document 323) be denied.

The parties are advised that they have eleven (11) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of

the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).

                                                                      /s/ Lewis M. Blanton
                                                                      LEWIS M. BLANTON
                                                                      United States Magistrate Judge

Dated this 23rd day of November, 2005.